**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

LAKSHAY KHOKHAR, )
)
Petitioner, )
)
v. ) Case No. 6:26-cv-03262-MBB
)
SAMUEL OLSON, et al., )
)
Respondents. )

## ORDER

Petitioner Lakshay Khokhar petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (the "Government") wrongfully detained him without a bond hearing. (**Doc. 1**, p. 2). He asks the Court to order the Government to provide such a hearing or immediately release him. (*Id.* at pp. 13-14). Because Petitioner's detention does not violate the Immigration and Nationality Act (the "INA"), procedural due process, or substantive due process, the petition is DENIED.

## Background

Petitioner, an Indian citizen, entered the United States illegally in 2023. (**Doc. 1**, p. 3); (**Doc. 1-2**, p. 2). He was arrested and charged as removable under 8 U.S.C. § 1182(a)(6)(A)(i). (**Doc. 1-2**, pp. 3, 9). DHS released him on his own recognizance pending removal proceedings. (*Id.* at p. 9). Petitioner filed an application for asylum. (**Doc. 1**, p. 3). In March 2026, DHS arrested and detained him following a "regulatory incident arising during the course of his employment." (*Id.*). Petitioner requested a bond hearing. (*Id.*). DHS obliged and scheduled a bond hearing for May 18, 2026. (*Id.*). Petitioner was also scheduled for an "asylum merits

hearing" on May 18, 2026. (*Id.* at pp. 3-4). He remains detained pending those proceedings. (*Id.* at p. 4).

On May 5, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that his "detention is governed, if at all, by [8 U.S.C. § 1226(a)]." (*Id.* at p. 9). He argues that the Government owes him a "fully independent and meaningful" bond hearing. (*Id.* at p. 12). And he argues that his detention is "not reasonably related to any legitimate regulatory or public safety objective." (*Id.*). Petitioner alleges violations of the INA, procedural due process, and substantive due process. (*Id.* at pp. 11-13). The Government did not respond to the petition. Petitioner asked the Court to "adjudicate the matter on the existing record," which includes only the petition. (**Doc. 8**, p. 2). The Court will do so. *See* ***Dietz v. Bouldin***, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets . . . with a view toward the efficient and expedient resolution of cases.").

### Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See* ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His detention pending removal proceedings is not contrary to the INA, procedural due process, or substantive due process.

## I.  Petitioner's detention does not violate the INA.

The Court will assume without deciding that Petitioner is detained under 8 U.S.C. § 1226(a) rather than a statute providing for mandatory detention. *See* **8 U.S.C. § 1225(b)(2)(A)** (requiring detention pending removal proceedings for "applicant[s] for admission," "seeking admission"); **8 U.S.C. § 1226(c)** (requiring detention pending removal proceedings for certain criminal aliens).

Section 1226(a) says: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." **8 U.S.C. § 1226(a)**. If the alien is detained, the Attorney General may continue to detain them or release them on bond or conditional parole. **8 U.S.C. § 1226(a)(1)-(2)**. Petitioner acknowledges that a bond hearing has been scheduled. He complains that (1) it should happen earlier than May 18, and (2) it should have been scheduled on a different day than his "asylum merits hearing." But "Section 1226 does not require the Attorney General to conduct bond hearings at all." *Mina v. Trump*, 2025 WL 3141178, at *8 (D. Neb. Nov. 10, 2025). It does not impose time restrictions. And it does not discuss proximity with other immigration proceedings. Petitioner's detention does not violate the INA.

## II.  Petitioner's detention does not violate procedural due process because the legislative scheme permits it.

Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See Baynee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024). *See also Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (holding that a removable alien "has only those rights regarding admission that Congress has provided by statute"). In *Baynee*, the Eighth Circuit repudiated any need for a "multi-factor

3

'reasonableness' test" when evaluating the length of detention pending removal proceedings. ***Baynee***, 115 F.4th at 933. That court held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" ***Id.***, *quoting* ***Demore v. Kim***, 538 U.S. 510, 527 (2003).

Petitioner is properly detained under Section 1226(a). Petitioner concedes that the Government granted his request for a bond hearing. And he concedes that deportation proceedings are pending. The petition shows compliance with Section 1226(a). The Constitution requires no more. *See* ***Baynee***, 115 F.4th at 932.

### III. Petitioner's detention does not violate substantive due process because it does not implicate a fundamental right.

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." ***Reno v. Flores***, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted). Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). A petitioner must provide a "careful description of the asserted fundamental liberty interest." ***Washington v. Glucksberg***, 521 U.S. 702, 721 (1997). If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster. *See* ***id.*** at 728. *See also* ***Minnesota Deer Farmers***, 146 F.4th at 670 ("The fact that a right is acknowledged to be a liberty covered by the Due Process Clause does not automatically render that right 'fundamental' such that any statutory regulation of that right must be subjected to the highest constitutional scrutiny.").

4

True, freedom from imprisonment "lies at the heart of the liberty [the due process clause] protects." *Zadvydas*, 533 U.S. at 690. But detention during removal proceedings is "a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). That is because "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Id.* at 522.

Here, Petitioner does not provide a "careful description of the asserted fundamental liberty interest." *See Glucksberg*, 521 U.S. at 721. His substantive due process claim fails for that reason alone. Regardless, removable aliens like Petitioner have no fundamental liberty interest in release pending deportation proceedings. Such a right is not "deeply rooted in this Nation's history and tradition." *See Minnesota Deer Farmers*, 146 F.4th at 670; *Demore*, 538 U.S. at 523 n.7 ("In fact, prior to 1907 there was no provision permitting bail for *any* aliens during the pendency of their deportation proceedings.") (emphasis in original). "The rule has been clear for decades:" detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See Baynee*, 115 F.4th at 931-33. Such detention is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed." *See Demore*, 538 U.S. at 528.

## Conclusion

Petitioner's continued detention does not violate the INA, procedural due process, or substantive due process. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: June 9, 2026

5